IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA

CASE NO.: 04-1198-CAG

SHERRIE L. SPELL,

    Plaintiff,

5:04-CV-318-Oc-10 GRJ

vs.

COX LUMBER COMPANY, INC.,
a/k/a COX LUMBER CO.,
and REGINALD TOMAINE,

    Defendants.
_____/

## COMPLAINT

Plaintiff Sherrie L. Spell, by and through her undersigned counsel, sues Defendants Cox Lumber Company, Inc., a/k/a Cox Lumber Co. (hereinafter "Cox Lumber"), and Reginald Tomaine (hereinafter "Tomaine"), and avers:

### AVERMENTS COMMON TO ALL CAUSES OF ACTION

1. This is an action for damages that exceed $15,000.

2. Plaintiff is a female citizen of the United States of America and, at all times material to this action, was an employee of Cox Lumber in Florida.

3. Defendant Cox Lumber is a Florida corporation which maintains an ordinary place of business in Marion County, Florida. At all times material to this action, Sherrie L. Spell was an employee of the Cox Lumber location in Ocala, Marion County, Florida.

SCANNED

4. Defendant Tomaine is an individual who at all times material hereto, was employed as a supervisor and/or manager by Cox Lumber at its location in Marion County, Florida.

5. This is an action arising under the laws of the United States of America and State of Florida, in particular Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)(1-6); the Civil Rights Act of 1991, 42 U.S.C. §1981, as well as Florida Civil Rights Act of 1992, §760.01, et seq.

6. Claims also are stated under the common law of the State of Florida against the Defendants.

7. At all times material hereto, Plaintiff was employed by Cox Lumber in Marion County, Florida.

8. At all times material hereto, Defendant Cox Lumber has maintained, acquiesced in the maintaining of, or failed to take appropriate required action to eliminate a general and consistent pattern and practice of sexual harassment by managers and supervisors against female employees in their Ocala location.

9. Such pattern and practice has been consistently manifested during the Plaintiff's employ and prior to the Plaintiff's filing of a complaint with the Equal Employment Opportunity Commission (EEOC), submitted on or about September 6, 2003.

10. Throughout the course and scope of her employment with Cox Lumber, the Plaintiff was subject to harassment on the basis of gender by her supervisors and management. Plaintiff was subject

to a hostile sexual environment and Plaintiff was continually sexually harassed by supervisors and other male personnel at Cox Lumber. Among other incidents, inappropriate sexual comments were made to Plaintiff by both male and female managers that Plaintiff had "nice breasts," "a nice ass," and "the best ass." Plaintiff was told by her manager that Plaintiff had nice breasts. Another manager told Plaintiff he would like to take her back to his office and have sexual relations with her, but his office had too many windows. Another manager cornered Plaintiff next to the copy machine. Male managers also told her they would like to see her in a wet t-shirt. Defendant Tomaine went so far as to gulp water and then spit it on Plaintiff's blouse and breast, so as to view Plaintiff's breast when wet. On another occasion, Plaintiff was told to sit on the owner's lap and be friendly. Plaintiff was also called a bitch, a slut and a whore by numerous managers.

11. At all times material hereto, Plaintiff made it clear to all employees, managers, supervisors and owners of Cox Lumber that such comments and actions were not welcome.

12. All of the above sexual harassment and abuse was reported by Plaintiff to her supervisors and upper management who told her, inter alia, that was the way it was at Cox Lumber and if she wanted to keep her job she needed to play along.

13. At all times material hereto, the directors and officers of Defendant Cox Lumber was aware of the foregoing discriminatory practices and took no action to abate same. Indeed, Plaintiff's

3

reporting of the sexual abuse and harassment only resulted in further sexual abuse and harassment. Defendant went so far as to discipline Plaintiff for her complaints against sexual harassment.

14. When Plaintiff continued to complain of the sexual harassment and a sexually hostile environment, Defendant Cox Lumber began disciplining Plaintiff for minor infractions when other male employees were not disciplined for same, changing the working conditions of Plaintiff's employment and otherwise retaliating against Plaintiff for Plaintiff's claims of sexual hostility and harassment.

15. When the repeated series of sexual harassment, as described in paragraphs 10-14 above did not abate, Plaintiff was constructively discharged and resigned against her will.

16. This suit is being brought within 90 days of the receipt by Plaintiff of notice by the EEOC of a right to sue Defendants under the Federal and State laws enforced by the United States Equal Employment Opportunity Commission and the Florida Commission on Human Relations. A copy of said Notice is attached hereto as Exhibit "A".

## COUNT I

(Violation of Title VII of the Civil Rights Act
of 1964, as amended, 42 U.S.C. §2000(e)(1-6))
Against Defendant Cox Lumber Only

17. Plaintiff hereby incorporates paragraphs 1 through 16 above as fully and completely as if set forth at length.

4

18. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)(1-6) (hereinafter "Civil Rights Act") prohibits employment practices which discriminate against employees based on their gender, as well as sexual harassment.

19. For the reasons stated in paragraphs 8 through 15, Defendant Cox Lumber violated the "Civil Rights Act."

20. The Civil Rights Act provides for a private right of action based on gender discrimination and/or sexual harassment.

WHEREFORE, Plaintiff demands judgment against Defendant Cox Lumber together with compensatory, liquidated and punitive damages, attorney's fees, costs and interest as well as reinstatement, back and front pay and value of benefits, and any other relief deemed just and proper by this Honorable Court.

### COUNT II

(Florida Civil Rights Act of 1992, §760.01, et seq.)
Against Defendant Cox Lumber Only

21. Plaintiff hereby incorporates paragraphs 1 through 20 above as fully and completely as if set forth at length.

22. The Florida Civil Rights Act of 1992 prohibits employment practices which discriminate against employees based on their gender.

23. Plaintiff has complied with all administrative prerequisites under the Florida Civil Rights Act.

24. For the reasons stated in paragraphs 8 through 15, Defendant Cox Lumber violated the Florida Civil Rights Act.

25. The Florida Civil Rights Act provides for a private right of action based on gender.

WHEREFORE, Plaintiff requests judgment against Defendant Cox Lumber, including back pay, mental anguish, loss of dignity and other intangible damages and punitive damages.

## COUNT III

### (Intentional Infliction of Emotional Distress) Against all Defendants

26. Plaintiff hereby incorporates paragraphs 1 through 25 above as fully and completely as if set forth at length.

27. At all times material hereto, Defendants knew, or should have known, their harassment of Plaintiff would likely lead to severe emotional distress.

28. Defendants' actions as described aforesaid, including inter alia, continually sexually harassing Plaintiff, making inappropriate sexual comments to Plaintiff that Plaintiff had "nice breasts," "a nice ass," and "the best ass," telling Plaintiff that Plaintiff had nice breasts, that they would like to have sexual relations with her, cornering Plaintiff near the copy machine, and indicating that they would like to see her in a wet t-shirt, spitting water on Plaintiff's blouse, so as to view Plaintiff's breast when wet, telling her to sit on the owner's lap and be friendly, calling Plaintiff a bitch, a slut and a whore, and disciplining Plaintiff for her complaints against sexual harassment constitute conduct a jury can find was outrageous, going beyond all

6

bounds of decency, and of a nature to be regarded as odious and utterly intolerable in a civilized community.

29. Defendants' actions as described aforesaid resulted in severe emotional distress for Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for severe emotional distress together with compensatory damages, punitive damages, attorney's fees, interest and costs.

### COUNT IV

(Battery)
Against Defendant Tomaine Only

30. Plaintiff hereby incorporates paragraphs 1 through 29 above as fully and completely as if set forth at length.

31. In spitting on Plaintiff to expose Plaintiff's breast when wet, Defendant Tomaine intentionally touched Plaintiff in an offensive manner against her will.

32. Such touching is a Battery under Florida Statute §784.03.

33. As a result of Defendant Tomaine's Battery, Plaintiff was caused to suffer physical discomfort, embarrassment, humiliation and severe emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Tomiane together with compensatory and punitive damages, attorney's fees and costs.

7

## COUNT V

(Invasion of Privacy)
Against Defendant Tomaine Only

34. Plaintiff incorporates paragraphs 1 through 33 above as fully and completely as if set forth at length.

35. Defendant Tomaine's offensive touching of the most private parts of Plaintiff's body constitutes an invasion of privacy.

36. As a result of Defendant Tomaine's invasion of privacy, Plaintiff was caused to suffer physical discomfort, embarrassment, humiliation, loss of dignity and mental anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Tomaine together with compensatory and punitive damages, attorney's fees and costs.

## COUNT VI

(Negligent Retention)
Against Defendant Cox Lumber Only

37. Plaintiff incorporates paragraphs 1 through 36 above as fully and completely as if set forth at length.

38. Upon being made aware by Plaintiff of the ongoing sexual harassment, Defendant took no action to abate same and in fact told Plaintiff she would have to continue to take it if she wanted her job.

39. Upon being made aware by Plaintiff of the offensive and unwelcome touching of her body and other sexual harassment by

8

supervisors and managers at Cox Lumber. Defendant failed to take further action such as investigating, discharging or reassignment of said supervisors and managers, who were in violation of Federal and State Civil Rights Acts.

WHEREFORE, Plaintiff demands judgment against Defendant Cox Lumber, together with compensatory and punitive damages, attorney's fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

DANIEL L. HIGHTOWER, P.A.

---

MICHAEL KARASIK, ESQUIRE
Florida Bar No. 0848492
7 E. Silver Springs Blvd.
Suite 300
Ocala, Florida 34470
(352) 629-7777 (Telephone)
(352) 629-6431 (Fax)
Attorneys for Plaintiff

MK/cjf

EEOC Form 131-B (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

MAR 1 6 2004

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Sherrie L. Spoll
c/o Daniel L. Hightower, Esquire
P.O. Box 700
Ocala, FL 34478

From: Miami District Office
2 South Biscayne Blvd
Suite 2700
Miami, FL 33131

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2003-04306 | Jimmie Mack, Investigator | (305) 530-6035 |

NOTICE TO THE PERSON AGGRIEVED:   (See also the additional information enclosed with this form.)

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Federico _____, Director

MAR 1 2 2004
(Date Mailed)

Enclosure(s)

cc: COX LUMBER
c/o M. Sean Moyles, Esquire
P.O. Box 1378
Tampa, FL 33601

EXHIBIT
A